UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

MUHAMMAD BILAL and MALHOTRA ARYAN,

                        Plaintiffs,                    **MEMORANDUM & ORDER**
                                                                              24-CV-3335 (MKB)

                  v.

MARK ANTHONY RUSSELL, RYDER TRUCK
RENTAL, INC., ABHISHEK RANDHAWA, and
SUKHDEV MASIH,

                        Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiffs Muhammad Bilal and Malhotra Aryan commenced the above-captioned action against Defendants Mark Anthony Russell, Ryder Truck Rental, Inc. ("Ryder"), Abishek Randhawa, and Sukhdev Masih in the Supreme Court of the State of New York, Queens County, on September 5, 2023, asserting negligence, carelessness, wanton recklessness, and neglect under New York law arising out of a motor vehicle accident. (Compl. ¶ 20, annexed as Ex. A to Notice of Removal, Docket Entry No. 1.) On March 25, 2024, Randhawa and Masih filed an Answer and asserted crossclaims against Russell and Ryder for "contribution and/or indemnification in whole or in part" of any judgment. (Answer 2, annexed as Ex. B to Notice of Removal, Docket Entry No. 1.) According to a certification by the Attorney General of the United States, Russell, a federal employee, was acting in the scope of his employment at the time of the motor vehicle accident, and, as a result, on May 6, 2024, the United States of America substituted itself as Defendant to replace Russell and removed the case to the Eastern District of

New York pursuant to 28 U.S.C. §§ 1442(a)(1) and 2679(d)(2).[1] (Notice of Removal ¶¶ 4–5, 7–8, Docket Entry No. 1; Certification of Scope of Emp. & Not. of Substitution of U.S. as Party Def. for Mark Anthony Russell, annexed as Ex. C to Notice of Removal, Docket Entry No. 1.)

On August 26, 2024, the United States moved to dismiss: (1) Bilal's claims and Randhawa and Masih's crossclaims for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the basis of the derivative jurisdiction doctrine; (2) Bilal's claims for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on grounds that the claims are time-barred; and (3) Randhawa's crossclaims pursuant to Rule 12 of the Federal Rules of Civil Procedure on grounds that the claim is barred by a stipulation of settlement that Randhawa and the United States entered into in a different case.[2] For the reasons explained below, the Court grants the United States' motion and dismisses Bilal's claims and all crossclaims against the United States, remands the action to state court, and dismisses Ryder's pending motion for summary judgment for lack of subject-matter jurisdiction.

---

[1] Section 1442(a)(1) provides that the United States may remove a civil action "commenced in a State court and that is against or directed to" the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office" to the "district court . . . for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1442(a)(1). Section 2679(d)(2) provides that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose," any civil action "commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court . . . for the district and division embracing the place in which the action or proceeding is pending" and "[s]uch action or proceeding shall be deemed to be . . . brought against the United States . . . and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(2).

[2] (Def.'s Notice of Mot. to Dismiss ("Def.'s Mot."), Docket Entry No. 10; Def.'s Mem. in Supp. of Def.'s Mot. ("Def.'s Mem."), Docket Entry No. 11.) None of the parties responded to the United States' motion.

## I. Background

At all relevant times, Bilal was a resident of Nassau County, New York and Aryan was a resident of Queens County, New York.[3] (Compl. ¶¶ 1–2.) Russell was a resident of Westchester County, New York, Ryder was a foreign business corporation that transacted business within New York, and Randhawa was a resident of Nassau County, New York.[4] (*Id.* ¶¶ 3–8.)

### a. Factual allegations

On December 5, 2020, at approximately 5:00 A.M., Randhawa lost control of the 2017 Dodge vehicle he was driving on I-678 Van Wyck Expressway at or near Jewel Avenue in Queens County, New York and struck a guardrail. (*Id.* ¶¶ 14, 17.) Bilal and Aryan were passengers in the Dodge vehicle. (*Id.* ¶ 15.) At the same time, Russell was driving a 2017 Freightliner box truck vehicle and collided with the Dodge vehicle. (*Id.* ¶ 18.) Ryder was the registered owner and lessee of the Freightliner box truck that Russell was operating. (*Id.* ¶¶ 9–13.)

"Plaintiff"[5] sustained severe and serious personal injuries to "Plaintiff's body and physical health, and nervous system" and has endured "pain and suffering continuing to date" "solely by reason of the negligence, carelessness, wanton recklessness, and neglect of the Defendant(s), and without any negligence on the part of the Plaintiff contributing thereto." (*Id.* ¶¶ 20, 23.)

---

[3] The Court assumes the truth of the factual allegations in the Complaint for the purposes of deciding the United States' motion.

[4] Plaintiffs did not allege the citizenship of Masih in their Complaint.

[5] Although there are two Plaintiffs, Bilal and Aryan, the Complaint only includes allegations of injury for a singular plaintiff and does not specify which Plaintiff the injuries pertain to.

3

### b. Procedural history

On June 12, 2024, after removal of the case to this Court, Aryan and the United States filed a stipulation to dismiss with prejudice Aryan's claims against the United States. (Stipulation of Dismissal with Prejudice, Docket Entry No. 6.) On June 14, 2024, Aryan and Ryder filed a stipulation of dismissal, which dismissed with prejudice Aryan's claims against Ryder. (Stipulation of Dismissal with Prejudice, Docket Entry No. 8.)

The pending claims in this action are Bilal's claims for negligence, carelessness, wanton recklessness, and neglect against all Defendants; Aryan's claims for negligence, carelessness, wanton recklessness, and neglect against Randhawa and Masih; and Randhawa and Masih's crossclaims against the United States and Ryder for "contribution and/or indemnification." (Compl. ¶ 20; Answer 2.) On August 26, 2024, the United States moved to dismiss all remaining claims against it. (Def.'s Mem. 11.) On February 14, 2025, Ryder moved for summary judgment on Bilal's claims and the crossclaims against it. (Ryder's Mot. for Summ. J., Docket Entry No. 17; Ryder's Mem. in Supp. of Ryder's Mot. ¶ 11, Docket Entry No. 18.)

## II. Discussion

### a. Standards of review

#### i. Rule 12(b)(1)

A district court may dismiss an action for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court "lacks the statutory or constitutional power to adjudicate it." *Huntress v. United States*, 810 F. App'x 74, 75 (2d Cir. 2020) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova*, 201 F.3d at 113); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (per curiam) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)).

"'[C]ourt[s] must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (first quoting *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006); and then quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)), *aff'd*, 561 U.S. 247 (2010). Ultimately, "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (quoting *Makarova*, 201 F.3d at 113); *see also Suarez v. Mosaic Sales Sols. U.S. Operating Co.*, 720 F. App'x 52, 53 (2d Cir. 2018) ("[T]he party asserting subject matter jurisdiction must demonstrate its existence by a preponderance of the evidence." (citing *Morrison*, 547 F.3d at 170)); *Clayton v. United States*, No. 18-CV-5867, 2020 WL 1545542, at *3 (E.D.N.Y. Mar. 31, 2020) (quoting *Tandon*, 752 F.3d at 243); *Fed. Deposit Ins. Corp. v. Bank of N.Y. Mellon*, 369 F. Supp. 3d 547, 552 (S.D.N.Y. 2019) (quoting *Tandon*, 752 F.3d at 243).

      ii.    **Rule 12(b)(6)**

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court "must construe [the Complaint] liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiff['s] favor." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021) (citing *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019)); *see also Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Bacon v. Phelps*, 961 F.3d 533, 540 (2d Cir. 2020) (quoting *Twombly*, 550 U.S. at 570). "A claim is plausible 'when the plaintiff pleads factual content that

5

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Roe v. St. John's Univ.*, 91 F.4th 643, 651 (2d Cir. 2024) (quoting *Matson*, 631 F.3d at 63); *Cavello Bay Reinsurance Ltd. v. Shubin Stein*, 986 F.3d 161, 165 (2d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *Roe*, 91 F.4th at 651 ("Although all factual allegations contained in the complaint are assumed to be true, this rule does not extend 'to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" (quoting *Iqbal*, 556 U.S. at 678)).

### b. The Court lacks subject-matter jurisdiction over all claims against the United States

The United States argues that Bilal's claims must be dismissed under the derivative jurisdiction doctrine. In support, the United States contends that the state tort claims are brought under the Federal Tort Claims Act ("FTCA") because the United States is the party defendant in place of Russell, (Def.'s Mem. 1 & 1 n.1), and "[s]ince the FTCA gives federal courts exclusive jurisdiction over tort claims against the United States, the New York State Court did not have subject matter jurisdiction over the Complaint," (*id.* at 7), and "this Court acquired no subject-matter jurisdiction upon removal," (*id.*). The United States also contends that "[t]he doctrine of derivative jurisdiction applies equally to third-party tort claims, including those asserted here for contribution and indemnity." (*Id.*) None of the parties responded to the United States' motion.

The derivative jurisdiction doctrine limits a federal court's power to hear a case removed from a state court based on the state court's jurisdiction over the case before removal. *Rosa-Harris v. Samaritan Med. Ctr.*, No. 23-CV-289, 2024 WL 149763, at *3 (N.D.N.Y. Jan. 12, 2024)

6

(explaining that the derivative jurisdiction doctrine "governs the jurisdictional reach of federal courts in cases that have been removed from state courts"); *Kennedy v. Paul*, No. 12-CV-1491, 2013 WL 5435183, at *2 (D. Conn. Sept. 30, 2013) ("Under the doctrine of derivative jurisdiction, the federal court's jurisdiction over a case that has been removed is derived from the jurisdiction of the state court from which the action has been removed."). Under the doctrine, a district court lacks subject-matter jurisdiction on removal of an action from state court if the state court did not have jurisdiction over the case before it was removed. *Rosa-Harris*, 2024 WL 149763, at *3 ("In essence, the doctrine states that if a state court lacks jurisdiction to hear a particular case, then a federal court hearing that same case after removal similarly lacks jurisdiction."); *Mahmud v. United States*, No. 17-CV-4774, 2018 WL 2766141, at *2 (E.D.N.Y. June 7, 2018) ("Under the Derivative Jurisdiction Doctrine, 'if the state court where an action was initially filed lacked subject matter jurisdiction over the action, a federal court acquires none upon removal.'" (quoting *Moreland v. Van Buren GMC*, 93 F. Supp.2d 346, 353 (E.D.N.Y. 1999))); *Barnaby v. Quintos*, 410 F. Supp. 2d 142, 143 (S.D.N.Y. 2005) ("Under this doctrine, this [c]ourt lacks jurisdiction on removal because it cannot have jurisdiction where the state court from which the action was removed lacked jurisdiction."); *Moreland*, 93 F. Supp. 2d at 353 ("The derivative jurisdiction doctrine holds that if the state court where an action was initially commenced lacked subject matter jurisdiction over the action, a federal court acquires none upon removal."). This is because "[t]he jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction" and "[i]f the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Lambert Run Coal Co. v. Balt. & O.R. Co.*, 258 U.S. 377, 382 (1922); *PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 73 (2d Cir. 1998) (quoting same); *Jensen v. Rubin*, No. 21-CV-482, 2022 WL 119237, at *8 (D. Conn. Jan. 12, 2022) (same);

7

*Rivera v. Hosp. of Saint Raphael*, No. 14-CV-874, 2014 WL 6871657, at *2 (D. Conn. Dec. 3, 2014). The doctrine dictates that a district court must "dismiss a complaint if the state court from which the case was removed lacked jurisdiction . . . . even if the reason the state court lacked jurisdiction is that the complaint lies within the exclusive jurisdiction of the federal courts." *Nordlicht v. N.Y. Tel. Co.*, 799 F.2d 859, 863 (2d Cir. 1986) (quoting *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 452 (1943)), *abrogated on other grounds by Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 486 (2d Cir. 1998); *see PT United*, 138 F.3d at 72–73 ("Although federal jurisdiction in a removed action is original, not appellate, and should proceed as though commenced in federal court, '[w]here a state court lacks jurisdiction . . . , the federal District Court acquires none on a removal of the case.'" (alterations in original) (quoting *Freeman*, 319 U.S. at 449)); *see, e.g.*, *Jensen*, 2022 WL 119237, at *8 (holding that derivative jurisdiction barred the court's jurisdiction on removal because "all three claims against the [f]ederal [d]efendants ar[o]se under federal law"); *Cohen v. Postal Holdings, LLC*, No. 14-CV-800, 2015 WL 225051, at *2 (D. Conn. Jan. 15, 2015) (holding that the court did not have subject-matter jurisdiction because "the [state] court lack[ed] subject-matter jurisdiction").

Removal of cases from state court is governed by Chapter 89 of title 28 of the U.S. Code. A defendant may remove a civil action brought in state court to a federal court of original jurisdiction. 28 U.S.C. § 1441(a). A notice of removal must allege a proper basis for removal under 28 U.S.C. §§ 1441–1445. Under section 1442(a)(1), a civil action may be removed to federal court if it is:

> against or directed to . . . [t]he United States or any agency thereof or any officer (or any person acting under that office) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office.

28 U.S.C. § 1442(a)(1); *Abbo-Bradley v. City of Niagara Falls*, 73 F.4th 143, 146 n.1 (2d Cir.

8

2023) (quoting same); *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 397 (2d Cir. 2017) (same); *Watson v. Phillip Morris Cos., Inc.*, 551 U.S. 142, 145 (2007) (same).[6]

The derivative jurisdiction doctrine bars Bilal's claims against the United States. The United States has certified that Russell was acting in the scope of his employment at the time of the alleged incident, (*See* Certification of Scope of Emp. & Not. of Substitution of U.S. as Party Def. for Mark Anthony Russell 1), and therefore, the tort claims under New York law that Plaintiffs brought against Russell may only be brought against the United States in a federal district court. *See Gonzalez v. United States*, 80 F.4th 183, 193 (2d Cir. 2023) ("The FTCA's jurisdictional grant provides district courts with jurisdiction over tort suits against the United States . . . ." (citation omitted)); *Corley v. United States*, 11 F.4th 79, 84 (2d Cir. 2021) (explaining that "[t]he FTCA grants district courts jurisdiction over tort suits against the United States for 'the negligent acts of federal employees acting in the scope of their employment'" (quoting *Coyle v. United States*, 954 F.3d 146, 148 (2d Cir. 2020))); *see also Brownback v. King*,

---

[6] The Court acknowledges that there is some question as to whether application of the derivative jurisdiction doctrine to removals under section 1442 is barred by section 1441(f). Section 1441 authorizes removal of actions from state court to federal court based on diversity of citizenship. 28 U.S.C. § 1441. Section 1441(f) bars application of the derivative jurisdiction doctrine to removals effectuated under section 1441. 28 U.S.C. § 1441(f) ("The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."); *Fiermonte v. Airport Design Consultants, Inc.*, No. 24-CV-2749, 2025 WL 296533, at *3 (E.D.N.Y. Jan. 24, 2025) (quoting same). Although the Second Circuit has not expressly addressed the issue, district courts have "routinely" concluded that section 1441(f)'s bar on the derivative jurisdiction doctrine does not apply to removals under section 1442. *Fiermonte*, 2025 WL 296533, at *3 ("The enactment of 28 U.S.C. § 1441(f) expressly limits the abolition of the derivative jurisdiction doctrine to actions removed under § 1441."); *Simmons v. United States*, No. 20-CV-648, 2020 WL 3430514, at *2 n.1 (E.D.N.Y. June 22, 2020) ("Congress altered the ordinary derivative-jurisdictional rule for cases removed to federal court under one statutory section — 28 U.S.C. § 1441."); *Donatello v. County of Niagara*, No. 15-CV-39V, 2016 WL 3090552, at *5 (W.D.N.Y. June 2, 2016) ("In diversity cases, Congress has eliminated the judicial doctrine of 'derivative jurisdiction.'" (citing 28 U.S.C. § 1441(f))).

592 U.S. 209, 212 (2021) ("Plaintiffs were (and are) required to bring claims under the FTCA in federal district court."); *Bettis v. United States*, 346 F.R.D. 34, 38–39 (S.D.N.Y. 2024) (quoting 28 U.S.C. § 1346(b)(1)). As a result, the New York Supreme Court never had jurisdiction over the claims by Bilal nor Aryan against the United States and this Court "acquire[d] none on removal of the case."[7] *PT United*, 138 F.3d at 72–73. The United States removed the case under section 1442, and under the derivative jurisdiction doctrine the Court dismisses the Complaint against the United States without prejudice for lack of subject-matter jurisdiction. *See Mahmud*, 2018 WL 2766141, at *3 (dismissing case removed pursuant to section 1442 under the derivative jurisdiction doctrine because "the state court in which [p]laintiff filed his claim lacked subject matter jurisdiction").

The derivative jurisdiction doctrine similarly bars Randhawa and Masih's crossclaims against the United States because the United States, rather than Russell, is the party in interest and the state court therefore lacked jurisdiction over the crossclaims. *See Fiermonte*, 2025 WL 296533, at *1, *4 (dismissing crossclaims for contribution and indemnification asserted against

---

[7] The Court notes that Plaintiffs' tort claims against the United States must be brought under the FTCA and, as such, are subject to FTCA filing requirements and exhaustion of administrative remedies. *See Leytman v. United States*, 832 F. App'x 720, 722 (2d Cir. 2020) ("[A] plaintiff bringing an action under the FTCA must first exhaust administrative remedies by filing a claim for monetary damages with the appropriate federal entity within two years of the injury's accrual." (citations omitted)); *see also Carroll v. U.S. ex. rel Dep't of Veterans Affs. at Stratton Veterans Hosp.*, No. 23-1165, 2024 WL 5103419, at *1 (2d Cir. Dec. 13, 2024) (affirming denial of FTCA claim as time-barred under Rule 12(b)(6) for failure to file suit within six months after the mailing of the agency's denial of the claim); *Searles v. Robert*, No. 21-2836, 2023 WL 7271832, at *1 (2d Cir. Nov. 3, 2023) (affirming the district court's finding that it lacked subject-matter jurisdiction over the plaintiff's claim because the plaintiff failed to exhaust his administrative remedies under the FTCA by filing a complaint with the appropriate federal agency); *Thompson v. United States*, 795 F. App'x 15, 20 (2d Cir. 2019) (affirming dismissal of FTCA claims against the United States Postal Service for lack of subject-matter jurisdiction because plaintiff "failed to allege proper exhaustion"). Plaintiffs do not allege in the Complaint that they complied with the filing requirements of the FTCA or administrative exhaustion requirements. Therefore, the Court also lacks subject-matter jurisdiction on this basis.

the United States in FTCA action after removal under the derivative jurisdiction doctrine); *Rosa-Harris*, 2024 WL 149763, at *1, *4, *6 (dismissing FTCA crossclaims against the United States "for common law indemnification and/or contribution, or alternatively, apportionment of liability, and judgment" for lack of subject matter jurisdiction because "the derivative jurisdiction doctrine would prohibit th[e] [c]ourt from hearing th[e] case"). Moreover, the crossclaims cannot independently serve as the basis for subject-matter jurisdiction. *See M.G. v. Rye City Sch. Dist.*, No. 23-CV-9742, 2025 WL 343617, at *2 (S.D.N.Y. Jan. 30, 2025) ("A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint." (quoting *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008), *vacated and superseded on other grounds on reh'g en banc*, 585 F.3d 559 (2d Cir. 2009))); *Simmons v. United States*, No. 20-CV-648, 2020 WL 3430514, at *3 (E.D.N.Y. June 22, 2020) (explaining that the codefendant "did not create federal jurisdiction by asserting a cross-claim against the United States in his answer" because "[f]ederal jurisdiction must be predicated on the allegations in the complaint"); *see also Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 338 F.3d 119, 125 (2d Cir. 2003) (holding that "the district court correctly found that it could not assert diversity jurisdiction based upon [defendant's] cross-claims alone"). The Court therefore dismisses Bilal's claims and Randhawa and Masih's crossclaims against the United States without prejudice.[8] *See Faculty v. N.Y. Univ.*, 11 F.4th 68, 78 (2d Cir. 2021) (explaining that a dismissal for lack of jurisdiction "must be without prejudice rather than with prejudice"); *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 116 (2d Cir. 2017) (explaining that when a case

---

[8] The Court declines to reach the United States' arguments that (1) because Bilal failed to timely file his suit in federal court after receiving a denial of an administrative claim that was not alleged in the Complaint, Bilal's claims against the United States should be dismissed as time-barred pursuant to Rule 12(b)(6); and (2) Randhawa's claims are barred by the settlement he entered with the United States in a different case.

11

is dismissed for lack of subject-matter jurisdiction, the dismissal must be without prejudice).

Although the United States also invoked section 2679 as a basis for removal, (*see* Notice of Removal ¶ 7), the derivative jurisdiction doctrine nevertheless deprives the Court of subject-matter jurisdiction over the claims against the United States. The Second Circuit has not addressed whether the doctrine of derivative jurisdiction applies to removals under section 2679. Some courts have found that because under section 2679(d)(2) a "claim in a State court shall be removed" "upon certification" that "the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose," 28 U.S. § 2679(d)(2), the doctrine is inapplicable as "federal jurisdiction lies only after the Attorney General certifies that the federal [employee] was acting within the scope of his employment[] [and] [t]he possibility that such certification might issue does not automatically divest a state court of subject matter jurisdiction." *Thompson v. Wheeler*, 898 F.2d 406, 409 n.2 (3d Cir. 1990); *see Da Silva v. Temp. Univ. Hosp., Inc.*, 506 F. Supp. 3d 318, 325 (E.D. Pa. 2020) (applying *Thompson* and concluding that the "FTCA did not deprive the state court of subject matter jurisdiction over the claims against [federal defendant] because federal jurisdiction did not attach while the case was in state court"); *see also Zanghi v. Sisters of Charity Hosp. of Buffalo, N.Y.*, No. 12-CV-765S, 2013 WL 706241, at *3 (W.D.N.Y. Feb. 26, 2013) (relying on *Thompson* to find the derivative jurisdiction doctrine inapplicable to a case removed under federal statute similar to section 2679 because "the United States did not move for substitution until it removed the case"). The Court is unpersuaded by this reasoning because regardless of whether the United States was technically substituted as a party immediately before, on, or after removal, it remains an uncontested fact for jurisdictional purposes that Russell was acting in the scope of his federal employment at the time of the alleged motor vehicle accident, rendering the United States the real party in interest as to Plaintiffs' tort claims and vesting district courts with exclusive

12

jurisdiction to hear the claims. *Brownback*, 592 U.S. at 212 ("Plaintiffs were (and are) required to bring claims under the FTCA in federal district court."); *see Barnaby*, 410 F. Supp. 2d at 146 (observing that the argument that the derivative jurisdiction doctrine is inapplicable under section 2679 because the state court retained jurisdiction "until [the federal defendants'] certification as federal employees acting within the scope of their employment, actual removal, and substitution of the United States as defendant had all taken place" would run "contrary to those cases that have employed the doctrine of derivative jurisdiction to dismiss FTCA claims after their removal from state court"); *see also Bernard v. Yale Univ.*, No. 20-CV-0481, 2021 WL 1092628, at *7 (D. Conn. Mar. 22, 2021) ("There is no doubt that claims under the FTCA only can be brought in federal court.  As a result, under the doctrine of derivative jurisdiction, bringing a claim against the Government in state court is futile." (citations omitted)).  Moreover, there is nothing in the language of section 1441(f) to support the conclusion that Congress has or intended to bar application of the doctrine to removals under section 2679.  *See Kennedy*, 2013 WL 5435183, at *5 (explaining that the current version of section 1441(f) shows that Congress "knows how to explicitly eliminate derivative jurisdiction in removal statutes" and concluding "there is no ambiguity in the statute, its meaning is clear and [the court] must, consistent with the clear meaning of the statute, apply derivative jurisdiction to actions removed under section 2679(d)(2)"); *see also Fiermonte*, 2025 WL 296533, at *2 ("Traditionally, upon removal, a case brought against the United States or one of its officers was subject to dismissal based on the doctrine of derivative jurisdiction.").[9]

---

[9] The Court also notes that in analogous contexts where the United States based removal on both sections 1442 and 2679, district courts in the Second Circuit have found that the derivative jurisdiction doctrine applies to section 1442 notwithstanding the invocation of section 2679(d), because the two statutes provide independent bases for removal.  *See A.Q.C. ex rel. Castillo v. Bronx-Lebanon Hosp. Ctr.*, No. 11-CV-2656, 2012 WL 170902, at *4 (S.D.N.Y. Jan.

13

### c. The Court lacks subject-matter jurisdiction over the state law claims

A district court must remand an action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *Hussein v. Maait*, 129 F.4th 99, 120 n.17 (2d Cir. 2025) ("When a case has been removed from state court to federal court, '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'" (quoting *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014))); *Link Mot. Inc. v. DLA Piper LLP*, 103 F.4th 905, 912 (2d Cir. 2024) (same); *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (same); *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011) (same); *Kenmore Assocs., L.P. v. Burke*, 367 F. App'x 168, 169 (2d Cir. 2010) (same).

Because the Court dismisses for lack of subject-matter jurisdiction the sole federal claims in this action, the Court remands the remaining claims against Ryder, Randhawa, and Masih to Queens County Supreme Court and dismisses Ryder's motion for summary judgment for lack of subject-matter jurisdiction.[10]  *See Cangemi v. United States*, 13 F.4th 115, 134 (2d Cir. 2021)

---

20, 2012) ("Although largely overlapping, the distinction between the two provisions is important, as 'Sections 1442(a)(1) and 2679(d) are two "separate and alternative statutes, both of which authorize removal of cases to federal court."'" (quoting *Charles v. Inam,* No. 99-CV-12427, 2001 WL 79900, at *2 (S.D.N.Y. Jan. 30, 2001))); *e.g.*, *Rosa-Harris v. Samaritan Med. Ctr.*, No. 23-CV-289, 2024 WL 149763, at *6 (N.D.N.Y. Jan. 12, 2024) (dismissing FTCA claims against the United States removed to the district court on the basis of section 1442(a)(1) and 2679 under the derivative jurisdiction doctrine because "even if dismissal was not warranted in the Section 2679(d)(2) context, Section 1442(a)(1) provide[d] ample grounds for dismissal"); *see also Mahmud v. United States*, No. 17-CV-4774, 2018 WL 2766141, at *1–3 (E.D.N.Y. June 7, 2018) (dismissing FTCA claims against the United States removed under sections 1442(a)(1) and 2679(d)(2) without differentiating the bases for removal); *Simmons*, 2020 WL 3430514, at *1 (dismissing FTCA claims against the United States removed on the basis of section 1442(a)(1) under the derivative jurisdiction doctrine and explaining section 2679 as the basis for the United States substituting itself as the party defendant rather than as a basis for removal).

[10] The Court also independently lacks jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1332 because there is no complete diversity, as Plaintiffs Bilal and Aryan and

14

("Where a district court dismisses all federal claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure, however, the district court is *precluded* from exercising supplemental jurisdiction over the remaining state-law claims."  (citing *Cohen*, 873 F.3d at 399)).

### III. Conclusion

For the foregoing reasons, the Court grants the United States' motion and dismisses without prejudice (1) Bilal's claims and all crossclaims against the United States, and (2) Ryder's pending motion for summary judgment, all for lack of subject-matter jurisdiction.  The Court remands the action against Ryder, Randhawa, and Masih to state court.

Dated: March 18, 2025
        Brooklyn, New York

                                    SO ORDERED:


                                    _____/s/MKB_____
                                    MARGO K. BRODIE
                                    United States District Judge

---

Defendant Randhawa are all citizens of New York.  (Compl. ¶¶ 1–8.)  *See Windward Bora LLC v. Browne*, 110 F.4th 120, 126 (2d Cir. 2024); *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014).